LUIS CARMINELY, Plaintiff and Appellee, *v.* MIGUEL TRUYOL, Defendant and Appellant.

No. 5438. Argued April 30, 1931.—Decided December 22, 1931.

*C. Domínguez Rubio* for appellant.  *F. Beiró Rovira* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Luis Carminely brought, in the Municipal Court of Guayama, an action against Miguel Truyol to recover a certain sum of money, together with interest thereon at the rate of twelve per cent per annum from April 27, 1929, and $100 additional for expenses, costs, and attorney's fees. The claim is based on a promissory note subscribed by Carmen

Amy, Francisco Berreteaga, and defendant Miguel Truyol, which in its pertinent part reads as follows:

"On the twenty-sixth day of July, 1928, we jointly and severally (*solidariamente*) promise to pay to the order of Luis Carminely, at his residence or at the office of any bank in the Island the sum of THREE HUNDRED DOLLARS which we acknowledge to owe him, with interest at 12 per cent from the date hereof."

The defendant answered and admitted having subscribed the instrument. He denied the delivery thereof, but impliedly admitted it in his other allegations, wherein he set up, in short, that he had agreed with the holder of the note that if the debtors Amy and Berreteaga failed to pay on July 26, 1928, he would pay, and that no extension of the note should be granted to them; that the holder of the note did not demand payment from him on the agreed date and granted extensions to the other makers who were the real debtors, thereby enabling them, knowingly and fraudulently, to dispose of their property.

The municipal court found against the defendant. The latter appealed to the district court, which tried the case *de novo* and rendered a judgment against the defendant, based on a careful opinion in which it is expressly stated that the evidence introduced by him was not sufficiently convincing for holding as proved the agreement pleaded in the answer.

Still feeling aggrieved, the defendant took an appeal to this Court and has assigned in his brief three errors committed, as he claims, by the district court, (1) in weighing the evidence; (2) in adjudging him to pay interest; and (3) in imposing on him the payment of $100 for costs, expenses, and disbursements.

The first error is nonexistent. This is indeed one of many cases where a person is compelled to pay for a loan of money by which he did not profit. But such person can not plead deception. He signed the promissory note jointly with the person who benefited thereby, without any reservation and

assuming full liability for its payment; and this Court has heretofore repeatedly held that the document signed is to be considered as showing the character of the contract finally made, the ultimate intention of the contracting parties.

The evidence was conflicting and no sufficient basis exists for disturbing the conclusion reached by the district court; but even if it existed, we very much doubt the effectiveness of the answer filed by the defendant. In that pleading itself admission is made of the voluntary execution of the instrument, and in view of the terms of the latter, the extension alleged to have been granted by the creditor to the other solidary debtors without changing the object or the principal conditions of the obligation, or without substituting another in place of the debtor, can not be regarded as a novation extinguishing the obligation. *Cintrón & Aboy* v. *Solá,* 22 P.R.R. 245.

The second error assigned was not committed either. In *Cintrón & Aboy* v. *Solá, supra,* it was held that "Section 1067 of the Civil Code provides that a demand by the creditor is not necessary to create default when the obligation provides for it expressly." Here it is expressly stated in the instrument that its makers bind themselves to pay "interest at 12 per cent from the date hereof," January 26, 1928. In the judgment rendered the judge went no further than to enforce the agreement entered into between the parties.

The third error assigned does exist, as the appellee himself admits, but it affords no ground for a reversal, but only for a modification of the judgment. The court ought to have confined itself to the imposition of costs on the defendant, leaving the determination of the amount thereof to a subsequent proceeding in conformity with the Code of Civil Procedure.

The judgment appealed from must be modified in that sense and, as so modified, affirmed.